UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSE RODRIGUEZ,

                              Plaintiff,

                                                                           9:10-CV-1172
v.                                                                         (GTS/GHL)

ESTATE OF CURTIS DROWN,

                              Defendant.
_____

APPEARANCES:

JOSE RODRIGUEZ, 82-A-4529
    Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Marcy, New York 12953

HON. ERIC T. SCHNEIDERMAN                       BRUCE J. BOVIN, ESQ.
Attorney General for the State of New York        Assistant Attorney General
 Counsel for Defendant
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Jose Rodriguez ("Plaintiff") against the Estate of Curtis Drown ("Defendant"),[1] are (1) Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 12), (2) United States Magistrate Judge

---

[1] Plaintiff's Complaint originally asserted claims against Curtis Drown, a former employee of the New York State Department of Correctional Services, in his official capacity. (Dkt. No. 1.) However, Curtis Drown died on March 29, 2011. (Dkt. No. 15.) His estate was substituted as the Defendant in this action on July 11, 2011. (Dkt. No. 23.)

George H. Lowe's Report-Recommendation recommending that Defendant's motion be granted (Dkt. No. 25), and (3) Plaintiff's Objection to the Report-Recommendation (Dkt. No. 26). For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendant's motion is granted; and Plaintiff's Complaint is dismissed in its entirety, his Fourteenth Amendment claim being dismissed with prejudice, and his Eighth Amendment and state law claims being dismissed without prejudice, i.e., with leave to refile in the event he can overcome the "favorable termination" rule established by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997).

## I.     RELEVANT BACKGROUND

### A.     Plaintiff's Complaint

Plaintiff filed his Complaint in this action on September 30, 2010. (Dkt. No. 1.) Generally, construed with the utmost of liberality, Plaintiff's Complaint asserts the following claims against Defendant: (1) a claim that, while Plaintiff was incarcerated at Mid-State Correctional Facility in Marcy, New York, between April 29, 2009, and May 2, 2009, Defendant violated Plaintiff's right to due process under the Fourteenth Amendment by [a] conducting a prison disciplinary hearing in which Defendant deliberately ignored the exculpatory eye-witness testimony of a correctional officer (Corrections Officer L. Bailey) and "other documents supporting Plaintiff's innocence" of disciplinary charges arising from the death of another inmate, [b] rendering a determination of guilt that was not supported by "substantial evidence," and [c] sentencing him to confinement in a Special Housing Unit for a period of a hundred and forty-four months; (2) a claim Defendant violated Plaintiff's right to be free from cruel and unusual punishment under the Eighteenth Amendment by "maliciously and sadistically" subjecting

2

Plaintiff to the above-described unsupported disciplinary conviction and sentence; and (3) a claim that, through his above-described wrongdoing, Defendant committed various (unspecified) "state law tort[s]," which caused Plaintiff various (unspecified) "emotional injuries" and the "loss of [unspecified] personal property." (*See generally* Dkt. No. 1 [Plf.'s Compl.]). Familiarity with the factual allegations supporting these claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties. (*Id.*)

### B.     Defendant's Motion

On December 30, 2010, Defendant filed a motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 12.) Generally, Defendant's motion asserts the following three arguments: (1) Plaintiff's due process claim under the Fourteenth Amendment should be dismissed because he has failed to allege facts plausibly suggesting that Defendant's disciplinary decision was not based on at least "some evidence," which is the correct standard governing such due process claims; (2) because Plaintiff's identical due process claim under the Fourteenth Amendment was actually litigated by him and necessarily decided by the Third Department on September 23, 2010, in *Rodriguez v. Fisher*, 908 N.Y.S.2d 271 (N.Y. App. Div., 3d Dept., 2010), it is barred as a matter of law by the doctrine of collateral estoppel; and (3) each of Plaintiff's claims is precluded, as a matter of law, by the "favorable termination" rule established by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), because the subsequent criminal proceeding against Plaintiff did not terminate in his favor (nor has his criminal conviction been invalidated). (Dkt. No. 12, Attach. 1, at 6-9 [attaching pages "4" through "7" of Def.'s Memo. of Law].)

On March 10, 2011, Plaintiff filed a response in opposition to Defendant's motion. (Dkt. No. 13.) Generally, construed with the utmost special liberality, Plaintiff's response asserts the following three arguments: (1) Plaintiff has stated a due process claim under the Fourteenth Amendment because he has alleged facts plausibly suggesting that Defendant's disciplinary decision was not based on any evidence, as reflected in the hearing record (e.g., during the disciplinary hearing, insufficient evidence was developed to justify Plaintiff's conviction of the weapons-possession charge and creating-a-disturbance charge, which were added on April 28, 2009); (2) the Third Department's decision on September 23, 2010, in *Rodriguez v. Fisher*, 908 N.Y.S.2d 271 (N.Y. App. Div., 3d Dept., 2010), does not collaterally estop Plaintiff from filing his due process claim in this action, because the issues raised in this case were not actually litigated, and necessarily decided, in the prior case (and because his Uniform Sentence and Commitment and criminal sentencing minutes may not be considered under the circumstances); and (3) none of Plaintiff's claims is precluded, as a matter of law, by the "favorable termination" rule established by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), because the only reason the subsequent criminal proceeding against him did not terminate in his favor is that an improper confession (obtained from Plaintiff without a prior *Miranda* warning) was erroneously admitted into evidence. (*Id.*)

On March 15, 2011, Defendant filed a letter asserting, in pertinent part, as follows: "Plaintiff does not rebut either the factual assertions or legal arguments proffered by Mr. Drown and raises no issues requiring a reply. Accordingly, we will rely on the arguments made in our motion papers and will not file a reply." (Dkt. No. 14.)

      **C.**     **Magistrate Judge Lowe's Report-Recommendation**

On September 1, 2011, Magistrate Judge Lowe issued a Report-Recommendation recommending that Defendant's motion be granted. (Dkt. No. 25.) More specifically, Magistrate Judge Lowe recommended that Plaintiff's Complaint be dismissed in its entirety, his Fourteenth Amendment claim being dismissed with prejudice, and his Eighth Amendment and state law claims being dismissed without prejudice, i.e., with leave to refile in the event he can overcome the "favorable termination" rule established by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). (Dkt. No. 25, at 9-17.) In recommending that Plaintiff's Fourteenth Amendment claim should be dismissed, Magistrate Judge Lowe did not limit his analysis to that portion of Plaintiff's due process claim that alleged that Defendant's disciplinary decision was not supported by any evidence; he also addressed the remainder of Plaintiff's due process claim (including the procedure through which the hearing was conducted). (*Id*. at 13-16.) Finally, because Magistrate Judge Lowe found that sufficient grounds existed on which to base a dismissal of all of Plaintiff's claims, he declined to address Defendant's alternative argument that Plaintiff's claims should be dismissed based on the doctrine of collateral estoppel. (*Id*. at n. 6.) Familiarity with the grounds of Magistrate Judge Lowe's Report-Recommendation is assumed in this Decision and Order.

On September 12, 2011, Plaintiff submitted his Objections to the Report-Recommendation. (Dkt. No. 26.) Generally, Plaintiff's Objections–which seek to attack "Defendants' Recommendation"–do not squarely address any particular recommendations issued by Magistrate Judge Lowe. (*Id*.) However, construing Plaintiff's Objections with the utmost of special liberality, Plaintiffs' Objections assert the following three arguments: (1) Plaintiff has

stated a due process claim under the Fourteenth Amendment because he has alleged facts plausibly suggesting that Defendant's disciplinary decision was not based on any evidence as reflected in the hearing record (e.g., during the disciplinary hearing, insufficient evidence was developed to justify Plaintiff's conviction of the weapons-possession charge and creating-a-disturbance charge, which were added on April 28, 2009) (*see* Dkt. No. 26, at ¶¶ 6-19); (2) the Third Department's decision on September 23, 2010, in *Rodriguez v. Fisher*, 908 N.Y.S.2d 271 (N.Y. App. Div., 3d Dept., 2010), does not collaterally estop Plaintiff from filing his due process claim in this action, because the issues raised in this case are not the same as the issues raised in the prior case (*see* Dkt. No. 26, at ¶ 4, 11, & 9, "Conclusion" Paragraph); and (3) none of Plaintiff's claims is precluded, as a matter of law, by the "favorable termination" rule established by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), because the only reason the subsequent criminal proceeding against him did not terminate in his favor is that Plaintiff's improper confession was replied upon (*see* Dkt. No. 26, at 9, "Conclusion" Paragraph).

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report

to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[4] Similarly, when an objection merely reiterates the *same arguments* made

---

[2]  *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3]  *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[4]  *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[5]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[6]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### B.   Legal Standard Governing Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a

---

[5]   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[6]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d

ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted].  However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.  Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949  (internal citations and alterations omitted).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants.  While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[7]  Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs

---

[7]    *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

must follow.[8]  Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28 [citations omitted].[9]

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated.  Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint (and are provided by the parties), or (4) any matter of which the court can take judicial notice for the factual background of the case.[10]  Moreover, in the Second Circuit, a *pro se* plaintiff's papers in

---

[8]  *See Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[9]  It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added].  That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added].  That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever.  Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level.  *See Rusyniak,* 629 F. Supp.2d at 214 & n.35 (explaining holding in *Erickson*).

[10]  *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation

response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint–to the extent those papers are consistent with the allegations in the complaint.[11]

## III.   ANALYSIS

As an initial matter, even when construed with the utmost of liberality, Plaintiff's Objections fail to specifically address Magistrate Judge Lowe's recommendations.  (*Compare* Dkt. No. 25 *with* Dkt. No. 26.)  Instead, Plaintiff's Objections simply reiterate the arguments Plaintiff presented in the opposition papers he submitted to Magistrate Judge Lowe.  (*Compare* Dkt. No. 26 *with* Dkt. No. 13.)  As a result, and for the reasons explained above in Part II.A. of

---

marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case).

[11]     *See Drake v. Delta Air Lines, Inc.,* 147 F.3d 169, 170 n. 1 (2d Cir. 1998) (per curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) ("In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference.  Liberally construed under *pro se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of due care for the prisoner's interests or safety, . . . and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted); *Donhauser v.Goord*, 314 F. Supp. 2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.) ("[I]n cases where *a pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004) (Hurd, J.).

this Decision and Order, the Court need review the Report-Recommendation only for clear error.[12]

After carefully reviewing all of the papers in this action, including Magistrate Judge Lowe's Report-Recommendation, and Plaintiff's Objection thereto, the Court concludes that Magistrate Judge Lowe's Report-Recommendation is correct in all respects. (Dkt. No. 25 [Report-Recommendation].) Magistrate Judge Lowe employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein.

The Court would add only four points. First, Magistrate Judge Lowe's thorough Report-Recommendation would survive even *de novo* review.

Second, as stated above in Part I.C. of this Decision and Order, in recommending that Plaintiff's Fourteenth Amendment claim should be dismissed, Magistrate Judge Lowe did not limit his analysis to that portion of Plaintiff's due process claim that alleged that Defendant's disciplinary decision was not supported by any evidence; he also addressed the remainder of Plaintiff's due process claim (including the procedure through which the hearing was conducted). (Dkt. No. 25, at 13-16.) While Defendant did not specifically challenge this portion of Plaintiff's due process claim in his memorandum of law (no doubt because it takes an extension of special solicitude to Plaintiff to discern that portion of his claim in his Complaint), it was proper for Magistrate Judge Lowe to do so pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

---

[12] The Court notes that Plaintiff received adequate notice of his duty to *specifically* identify the portions of the proposed findings, recommendations, or report to which he has an objection and the basis for the objection. For example, during the time in question, copies of the Court's Local Rules of Practice (including N.D.N.Y. L.R. 72.1, which contains the notice in question) and *Pro Se* Handbook (page 31 of which also contains the notice in question) were on file at the correctional facility at which Plaintiff was incarcerated.

Third, Magistrate Judge Lowe correctly found that Plaintiff's Fourteenth Amendment claim should be dismissed *with prejudice*, due to the substantive nature of the problems with that claim. (Dkt. No. 25, at 16.)

Fourth, because Magistrate Judge Lowe (correctly) exercised his discretion to not reach the merits of Defendant's alternative argument that Plaintiff's due process claim under the Fourteenth Amendment should be dismissed based on the doctrine of collateral estoppel, the Court need not, and will not, linger on that alternative argument, other than to briefly express some skepticism with regard to it. This is because, generally, a prior unfavorable determination, in an Article 78 action brought by a prisoner against prison officials in their official capacities, does not serve to collaterally estop that prisoner from subsequently commencing a 42 U.S.C. § 1983 civil rights action for damages against a prison officials in his individual capacity, because the relief sought in the Section 1983 action was unavailable in the Article 78 action.[13] Rather,

---

[13]   *See Hicks v. Richard Low*, 309 F. App'x 472, 474 (2d Cir. 2009) ("Hicks argues that the New York state court Article 78 proceeding collaterally estops the Defendants-Appellees from relitigating the issue of whether a due process violation occurred. We disagree. Unlike the Article 78 proceeding, which could only be brought against the agency and the officers in their official capacities, in this case the defendants are being sued as individuals. Further, the defenses of qualified immunity and lack of personal involvement were not available to the defendants in the Article 78 proceeding, nor were money damages at stake."); *Ford v. Krusen*, 06-CV-0890, 2009 WL 959534, at *6 (N.D.N.Y. Apr. 6, 2009) (Report-Recommendation by Peebles, M.J., adopted by Suddaby, J.) ("[T]he prior unfavorable Article 78 determination [brought by the prisoner-plaintiff against prison officials] did not serve to foreclose the [prisoner-]plaintiff from commencing this subsequent section 1983 civil rights action [against prison officials] for damages, since such relief is unavailable in an Article 78 proceeding."); *Proctor v. Kelly*, 05-CV-0692, 2008 WL 5243925, at *8, n.20 (N.D.N.Y. Dec. 16, 2008) (Suddaby, J.) ("The Court would only note that the doctrine of collateral estoppel does not appear to apply under the circumstances. Among other things, Plaintiff sued Defendant Goord is his official capacity in his Article 78 proceeding, and he now sues Defendant Goord in his individual or personal capacity."); *Fletcher v. Goord*, 07-CV-0707, 2008 WL 4426763, at *10 (N.D.N.Y. Sept. 25, 2008) (Report-Recommendation by Lowe, M.J., adopted by Sharpe, J.) ("Simply stated, I find nothing in Justice Ceresia's ruling saying that Plaintiff is not entitled to money damages due to the miscalculation. The issue may have been presented to the New York State Supreme Court in a vague and obscure way (due to Plaintiff's request for "any other form of relief" in his Petition), but it does not appear to have been squarely decided by the Supreme Court, nor does it appear to have been essential to the Court's decision.").

here, that claim is dismissed for the reasons stated earlier.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lowe's Report-Recommendation (Dkt. No. 25) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED in its entirety**, Plaintiff's Fourteenth Amendment claim being dismissed **with prejudice**, and his Eighth Amendment and state law claims being dismissed **without prejudice**, i.e., with leave to refile in the event he can overcome the "favorable termination" rule established by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). The clerk is directed to enter judgment in favor of the defendants and close this case.

The Court hereby certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.

Dated: September 30, 2011
       Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge